UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 3:08-00035 |
| | ) | JUDGE CAMPBELL |
| TORRANCE REED | ) | |


MEMORANDUM AND ORDER

Pending before the Court are the Defendant's *pro se* requests for a sentence reduction (Docket Nos. 104, 107, 109); a supplemental filing (Docket No. 113) by counsel for the Defendant; and the Government's Response (Docket No. 114) in opposition.

Through his filings, the Defendant seeks a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

* * *

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty on February 13, 2009, before former District Court Judge Robert Echols, to a drug conspiracy charge, pursuant to a Plea Agreement. (Docket Nos. 52, 55, 81). At the subsequent sentencing hearing, Judge Echols determined that the Defendant was a Career Offender under United States Sentencing Guideline Section 4B1.1, and consequently, his advisory sentencing guideline range was 188 to 235 months of imprisonment, based on an offense level of 31 and a Criminal History Category VI. (Docket Nos. 82, 83). After granting the Government's motion for downward department based on substantial assistance, however, Judge Echols sentenced the Defendant to 100 months of imprisonment. (Id.) The Defendant's case was subsequently transferred to the undersigned Judge.

As set forth in the Supplement To The Presentence Report, the Defendant's guideline

range is not lowered by Amendment 782's reductions to the Drug Quantity Table in U.S.S.G § 2D1.1 because his guideline range was based instead on U.S.S.G. § 4B1.1, the Career Offender guideline. *See, e.g.*, 18 U.S.C. § 3582(c)(2); *United States v. Smith*, ___ F.3d ___, 2016 WL 758304 (6th Cir. Feb. 25, 2016))(Amendment 782 does not apply to reduce sentence of Career Offender); *United States v. Steel*, 609 F. App'x 851, 851 (6th Cir. 2015). The Career Offender guideline was not changed by Amendment 782. Accordingly, the Defendant's request for a sentence reduction is DENIED.

It is so ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE